BROWN and WATSON, *against* KELSO'S executors.

A summons in debt issued against *A, B* and *C* trading under the firm of *A* and Company, which is served upon *A* alone, a rule of reference entered, which is served upon *A* alone; arbitrators chosen who report "That after hearing the parties, their proof," &c. they find for the plaintiff a certain sum, upon which a general judgment is entered, and an execution issued. *Held,* That such judgment is void as to B and C, and that an execution against them on such judgment, although issued more than seven years after the rendition of the judgment, may be set aside on a writ of error.

ERROR to *Mifflin* county.

This action originated by summons at the suit of *Thomas Elder* and *John Sloan,* executors of *Elizabeth Kelso* deceased, against *John Brown, William Brown* and *John Watson,* acting under the firm of *John Brown* and Company. The deputy sheriff returned the writ, "Served on *John Brown.* Fees $1,00." On

the 21st April, 1819, (being the same day the writ issued,) the plaintiffs entered a rule of reference, which was served on *John Brown* only.   On the day appointed for choosing the arbitrators, no one attended for the defendants; they were chosen by the plaintiff and Prothonotary, met on the 2d June, 1819, and made report: "That after hearing the parties, their proofs and allegation, we find for the plaintiffs the sum of $863 68, with stay of execution by consent of plaintiff's attorney, until the 1st of June, 1820."  The name of Mr. *Anderson*, was upon the margin of the docket, opposite the names of the defendants.   Upon this report, judgment was entered and a *fi. fa.* issued to August term, 1820, which was set aside at the instance of the plaintiffs.   An *alias fi. fa.*, was issued to August term, 1828, against *John Brown*, *William Brown*, junior, and *John Watson*, trading under the firm of *John Brown* and Company.   At the same term Mr. *Hale* obtained a rule to shew cause why the same should not be set aside, so far as respects *William Brown*, junior, which at a subsequent term was discharged by the court.   This writ of error was then sued out by *William Brown*, junior, and *John Watson* and several errors were assigned, the substance of all which was; that the execution issued against *William Brown*, junior, and *John Watson*, against whom there was no judgment.

*Hall* for defendant in error,

Moved to quash the writ of error, on two grounds.   1st.  Because it was taken out by only two of three defendants; and 2d. Because it was not taken out within seven years after final judgment.   And cited *Purd. Dig.*, 777.  2 *Saund.* 101, c.

*Hale* for plaintiff in error,

Answered to both reasons, that the writ of error was taken to set aside the execution against the two defendants, at whose instance it issued, and on the ground that as to them the judgment was not only erroneous, but absolutely void.

*Hall.*  If the award is against all the defendants, and the judgment against all, it is good, although served on but one.  *Clemson* v. *Beaumont*, 2 *Brown's Rep.* 215.

In a joint suit, the judgment must be against all the defendants, *Reigart* v. *Ellmaker.*  14 *Serg. & Rawle*, 123.   1 *Chit. Plea.* 26.

The award is against all the defendants and the judgment is joint against all, and although it may be erroneous, yet it cannot *now* be reversed.   The appearance is general, and therefore for all.

(Brown and Watson. *v.* Kelso's executors.)

*Scott* v. *Israel*, 2 *Bin.* 145.   *McCullough* v. *Guetner*, 1 *Bin.* 214.

The opinion of the court was delivered by

Rogers, J.—It is impossible to inspect the record, without being satisfied that this is a judgment against *John Brown*, alone.   The suit was brought against the firm, but the writ was served on one only.   "Served," says the deputy sheriff, on the back of his writ, "the within on one of the defendants, *John Brown*."

It is plain, that *Brown* alone, had notice of the time the arbitrators were chosen; and this fact is proved by the oath of *George Green*, who served the rule of reference.   It has not been shewn, who had notice of the time appointed for the meeting of the arbitrators, nor whether more than one person attended.   If either of the other defendants were present, it might have been proved without difficulty, and this would have removed the objection, that this is an attempt to make them liable on a judgment, without affording them an opportunity to make defence.   The arbitrators state, as is usual, that they make their award, after hearing the parties, their proofs, and allegations.   We must intend that the parties here spoken of, were the plaintiff, and the person, who it appears, had notice of the proceeding.   The special proof of service, cannot be controlled by the general appearance entered by Mr. *Anderson*, or the return on the back of the writ.   If we had nothing more, the fee $1 indorsed, accompanying the writ, shews, that the service was on but one of the defendants.

As the cause was referred, and award made before the return of the writ, there is no sufficient reason for extending the entry of a general appearance, beyond an appearance for *John Brown*, on whom the writ was served, who had notice of the arbitration, and who alone for aught that appears, attended the arbitration.

Even if there was an appearance for all, after the award, it would not make this a valid judgment against all the defendants.   This presents the case of an execution against parties, against whom no judgment had been rendered, which is clearly void.   It is not merely an erroneous or irregular judgment, which cannot be examined after the expiration of seven years.

Execution against *William Brown*, and *John Watson*, set aside.